United States District Court
District of Massachusetts

```
_____
                               )
MARTHA'S VINEYARD SCUBA        )
HEADQUARTERS, INC.,            )
        Plaintiff,             )
                               )    Civil Action No.
        v.                     )    00-11565-NMG
                               )
THE WRECKED AND ABAN,          )
        Defendant.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On July 6, 2011, Plaintiff Martha's Vineyard Scuba Headquarters, Inc. moved to compel production of certain documents from Thomas McCluskie. That motion is unopposed.

Mr. McCluskie lives in Northern Ireland and is not a party to this action but is believed to possess relevant diagrams, drawings and plans of the vessel Columbus (later re-named the Republic) built by Harland & Wolff in 1903. The production of such documents, plaintiff asserts, is necessary for a planned major salvage operation which is at issue in this case.

When Mr. McCluskie attended a luncheon in Chicopee, Massachusetts on October 8, 2006, plaintiff served him with a subpoena which directed him to appear for a deposition and produce to plaintiff the aforementioned documents. Mr. McCluskie allegedly agreed to provide the documents at a later-scheduled deposition but subsequently notified the plaintiff that he did not have general arrangement drawings for the vessel and would provide drawings in

his possession only after plaintiff made a $5,000 donation to the Titanic Historical Society.  His protestations contradicted an email he sent to plaintiff the preceding year in which he confirmed that he possessed a set of the general arrangement plans for the vessel.

The Court finds that Mr. McCluskie was validly served in this jurisdiction, see <u>Kadic</u> v. <u>Karadzic</u>, 70 F.3d 232, 247 (2d Cir. 1995), and that he possesses or has access to documents that were the subject of that subpoena.

Pursuant to Fed. R. Civ. P. 45(e), a court may hold a non-party in contempt where that party has been properly served but has failed, without adequate excuse, to comply with a subpoena. Nonetheless,

> a non-party's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii),

i.e., a place more than 100 miles from where the subpoenaed individual resides or works.

Here, Mr. McCluskie resides and works in Northern Ireland. Because that is beyond the geographic limit set in Fed. R. Civ. P. 45(e), the Court will not require Mr. McCluskie to appear for his deposition in Massachusetts or hold him in contempt for his failure to do so.  It will, however, compel him to produce and send to plaintiff (at plaintiff's expense) the requested documents. Requiring Mr. McCluskie to do so does not violate the purpose of the 100-mile limit which is to protect non-party witnesses from

"being subjected to excessive discovery burdens in litigation in which they have little or no interest." In re Edelman, 295 F. 3d 171, 178 (2nd Cir. 2002).

## ORDER

In accordance with the foregoing, the Motion for Reconsideration (Docket No. 136) is **ALLOWED** and, upon reconsideration, plaintiff's motion to compel production of documents (Docket Nos. 108 and 128) is **ALLOWED**, in part, and **DENIED**, in part.  Insofar as the subpoena commands Mr. McCluskie to attend a deposition in Massachusetts, it is quashed.  Mr. McCluskie is, however, directed to produce the requested documents and to send them, at plaintiff's expense, to the address designated by plaintiff.

Mr. McCluskie is not, at this time, found to be in contempt of Court nor will monetary sanctions be imposed.  He is forewarned, however, that if he does not fully and promptly comply with the pending subpoena insofar as it requires the production of documents, the Court will re-visit the question of contempt and/or monetary sanctions.

Plaintiff shall serve a copy of this order upon Mr. McCluskie within fourteen (14) days of its entry.
**So ordered.**

    /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 28, 2011